IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.          16-CV-00447-PAB-KLM

EDWARD JOHN NOSEWICZ
Plaintiff

v.

JEFFREY JANOSKO
Defendant

## MOTION TO STRIKE AFFIDAVITS OF PLAINTIFF [ECF 44-1 & 42-1], STEPHANIE CHIU [ECF 44-6 & 42-2], AND TAVI WOLF [ECF 44-2 & 42-3]

Janosko, by and through his attorneys, Nathan Dumm and Mayer P.C., respectfully seeks to strike Affidavits attached by Plaintiff to his Response to the Defendant's Motion for Summary Judgment [ECF 42/44] and Plaintiff's Motion for Partial Summary Judgment [ECF 45], and in support states as follows:

### CONFERRAL

The undersigned conferred with counsel for Plaintiff on the Motion both via email and by phone, and was informed that Plaintiff opposes the relief requested herein.

### INTRODUCTION

In his Response to Defendant's Motion for Summary Judgment [ECF 42/44] and his Motion for Partial Summary Judgment [ECF 45], Plaintiff submits multiple affidavits in an attempt to try to keep this case alive. One of these affidavits is from Plaintiff himself, [ECF 44-1 and 42-1], and directly contradicts a number of the statements he made in his depositions. It, therefore, constitutes a sham affidavit that the Court should strike and not consider as to either briefing.

Another affidavit is from one of Plaintiff's experts, Dr. Stephanie Chiu. [ECF 44-6 and 42-2]. Dr. Chiu's affidavit provides general, conclusory opinions and is in violation of Rule 26. [ECF 39-4]. While Plaintiff previously disclosed Dr. Chiu, her current affidavit and the opinions alleged therein are much expanded and somewhat different, and were not previously disclosed. As the opinions are conclusory and of no help to the Court, and also were not properly and timely disclosed, the Court should strike the entirety of Dr. Chiu's affidavit.

The last affidavit is from the owner of a video production company who was never disclosed during discovery, along with a video that was likewise never disclosed. [ECF 42-3 and 44-2]. Mr. Wolf provided two affidavits, the first of which—included with the Response to Defendant's Motion for Summary Judgment—only notes what enhancements he made to the video. [ECF 44-2]. The second affidavit, which was attached to Plaintiff's Partial Motion for Summary Judgment, on the other hand, goes well beyond what editing was done and includes seemingly expert opinions on the video editing of another party, opinions of the clarity of the videos, and opinions of what Mr. Wolf believes he saw in the videos. As Mr. Wolf was not disclosed as a witness, expert or otherwise, and the video was not disclosed or produced during discovery, the video and affidavits should also be struck.

## LEGAL ANALYSIS

### A. AS PLAINTIFF'S AFFIDAVIT CONSTITUTES A SHAM AFFIDAVIT, IT SHOULD BE STRUCK.

i.   *Plaintiff Attempts to Create a Sham Fact Issue that the Court Should Disregard*

A number of Plaintiff's assertions set forth in the affidavit are in clear contradiction of his previous deposition testimony, and are provided in a last ditch effort to try to create an issue of fact solely in an attempt to try to preclude summary judgment in favor of Janosko. The Tenth

-3-

Circuit has been clear that in such situations, the Court should disregard the contrary affidavit when presented at the Summary Judgment phase in "an attempt to create a sham fact issue." *Franks v. Nimmo*, 796 F.2d 1230, 1237 (10th Cir. 1986); *Burns v. Bd. of Cnty. Comm'rs of Jackson Cnty.*, 330 F.3d 1275, 1281 (10th Cir. 2003).  The Court reasoned "that the utility of summary judgment as a procedure for screening our sham fact issues would be greatly undermined if a party could create an issue of fact merely by submitting an affidavit contradicting his own prior testimony." *Id*.  Therefore, the Court set out a three-factor test to determine if an affidavit attempts to create a sham fact issue: (1) "whether the affiant was cross-examined during his earlier testimony;" (2) "whether the affiant had access to the pertinent evidence at the time of his earlier testimony or whether the affidavit was based on newly discovered evidence;" and (3) "whether the earlier testimony reflects confusion which the affidavit attempts to explain." *Id.*  However, the Court later noted that the third factor does not allow someone to go answer deposition "questions with no thought at all then return home and plan artful responses … A deposition is not a take home examination." *Burns*, 330 F.3d at 1282 (internal citations and quotation marks omitted).

Here, all of the factors point to the conclusion that Plaintiff's affidavit is a sham.  At Plaintiff's request, he was deposed on three separate dates over the course of more than a month, and provided consistent testimony on a number of issues throughout those depositions.  In his affidavit, however, he attempts to directly contradict that testimony, presumably because it is dispositive of his claims.  Yet these statements are not based on prior confusion, or newly discovered evidence, but rather nothing more than a desire to create a sham fact issue.  The Court, therefore, should strike the affidavit in its entirety and not consider it as to either

Plaintiff's Response or affirmative Motion for Summary Judgment. As to but a few examples of how Plaintiff's affidavit constitutes a sham, Janosko would note as follows:

### a. Injuries Sustained During Plaintiff's Arrest

In paragraph 4 of the affidavit, Plaintiff states that during his arrest, he "was forced to the ground and handcuffed," but "did not sustain a rib injury," fracture, or injury to the left side of his face during the arrest. [ECF 42-1, ¶ 4]. This assertion contradicts his previous deposition testimony. Plaintiff stated in his first deposition that he was "slammed … down on the ground," and that "[i]t happened so fast that I was grabbed on the back and slammed flat down on my face." [Ex. A, Nosewicz I, 36:16-37:24]. As a result, Plaintiff testified that he "got scuffed on the face" which resulted in scratches to his face, and that his "back popped" during the arrest. [*Id.*, at 40:2-41:10]. He also indicated that his torso was injured, his back hurt from being forced to the ground, and that he hurt his head upon impact. [*Id*., at 40:11 – 41:2]. At no point did Plaintiff seek to change this testimony during any of the three depositions or thereafter via a change sheet. Instead, it was only after his attorneys apparently realized his deposition testimony did not support his accusations that action was taken to try to contradict his testimony. As this was information known to Plaintiff before the depositions, the affidavit is not based on newly discovered evidence. Therefore, it is a sham fact issue that should be struck.

Paragraph 5 of Plaintiff's affidavit is also directly contradicted by previous sworn statements, this time in the form of Plaintiff's discovery responses. In Paragraph 5 of his affidavit, Plaintiff indicates that he never reported any injury during intake into the Adams County Detention Facility and never requested medical attention. Plaintiff swore in response to Interrogatory #11, however, that "[d]uring the intake process I repeatedly said that I needed medical attention and that I needed my medications and oxygen." [Ex. B, Responses to Written

Discovery, pp. 7-9]. He further swore that "[a]s I was being taken to a cell, I told the deputies that I needed medical attention." [*Id*.]. Again, Plaintiff's affidavit is in direct conflict with his prior sworn statements and the Court should recognize the affidavit for what it is: a poor attempt to create factual issues in response to a properly supported motion for summary judgment.

### b. Janosko Immediately Entered Plaintiff's Cell

Plaintiff also stated in his affidavit that Janosko immediately entered Plaintiff's cell after the door was opened. [ECF 42-1, ¶ 7]. This, however, is directly contradicted by Plaintiff's testimony regarding the video showing Janosko standing in front of Plaintiff's open door for the entirety of the video. [Nosewicz I, 146:2-21]. In the affidavit, Plaintiff cites to his recollection to support his own self-serving version of events, ignoring that his recollection was shown to be false during the actual deposition.

### c. Janosko Hit Plaintiff in the Ribs

Plaintiff stated that he was hit several times in the ribs when he was being taken down to the ground. [ECF 42-1, ¶ 7]. Like his statements above, however, this is contradicted by the video evidence and Plaintiff's own testimony. In discussing video of the incident, Plaintiff admitted that Janosko's hands were under Plaintiff's arm pits, after which Janosko "threw" Plaintiff to the ground. [Ex. C, Nosewicz II, 363:19-364:1]. How Janosko could both throw and hit at the same time, Plaintiff does not explain. Rather, in his deposition, Plaintiff admits that it would have been impossible for Janosko to hit him because he went to his knees during the take down. [Nosewicz II, 376:6-8; 377:3-10]. Plaintiff now contradicts himself in an attempt to create a sham issue of fact. Plaintiff's improper attempt to create a dispute of fact regarding punches to the rib cage is also critical. [ECF 44, p. 16]. Plaintiff ignores however that the alleged facts he tries to use, i.e. multiple punches to the ribs, is contradicted by his prior testimony. The

striking of Plaintiff's sham affidavit necessarily means the bottom falls out of the facts supporting his theory of a constitutional violation, which in turn entitles Janosko to qualified immunity.

### d.  The Arm-Bar Takedown and Related Events

The most explicit sham fact, however, comes when Plaintiff attempts to recollect what occurred during his takedown. [ECF 42-1 ¶ 7]. In the affidavit, he states that the takedown caused "extremely severe pain and loss of breath." [*Id.*]. However, early in the same paragraph, and during a significant portion of this deposition testimony, Plaintiff stated that he was unconscious during the takedown and did not "have a memory of what happened." [*Id.*; Nosewicz II; 363:11-373:14; 365:6-8; 372:23-373:1]. Overall, Plaintiff stated that he blacked out for the 9 seconds he was going to the ground, and admitted that he did not know when he was conscience for at least 17 seconds after the takedown. [Nosewicz II; 363:11-373:14]. As he cannot knowingly experience pain and loss of breath and be unconscious during the same event, this is a sham issue of fact that should be struck.[1] The Court should be especially suspicious of the vivid detail elucidated in the affidavit given that Plaintiff has now, on multiple occasions, admitted that he was unconscious for large portions of the encounter.

The same problem arises with Paragraph 8 of Plaintiff's affidavit, wherein he attempts to dispute Janosko's version of events, namely an arm-bar takedown. Yet again, Plaintiff's consistent testimony at deposition was that he was unconscious for vast portions of the

---

[1] As set forth in Janosko's Motion for Summary Judgment, the other statements contained in paragraph 7 of the affidavit are directly contradicted by the video itself, Plaintiff's frame-by-frame depiction of the video during deposition, most of which is physically impossible, and testimony from Plaintiff's own expert. As such, once again, this entire paragraph is a clear attempt to create a sham fact issue and should be struck.

encounter. He cannot have it both ways. He cannot consistently state under oath that he was not conscious for the encounter and at the same time refute in great detail Janosko's version of events. Based upon Tenth Circuit precedent, Plaintiff's later version of events, i.e. those contained in the affidavit, must be struck as an inappropriate attempt to avoid summary judgment.

### e. Plaintiff Never Broke His Ribs Before

In Plaintiff's most direct attempt at going back and changing history, he states in paragraph 11 of his affidavit that he inaccurately stated in deposition that he had previously broken his ribs and knew what such an injury felt like. [ECF 42-1 ¶ 11]. Plaintiff instead stated that his past injuries *felt* like a rib fracture, but were in fact not a fracture, which he had never sustained except for during the incident at issue. [*Id.*]

However, in direct contradiction of Plaintiff's affidavit, Janosko would refer to the following: toward the end of his second deposition, Plaintiff confirmed that he had broken his ribs before and knew what they felt like. [Nosewicz II, 379:2-5]. At his third deposition over a week later, he did not try to clarify this testimony, but instead doubled-down, stating that he had two rib fractures as a result of golf injuries, which he believed was normal for a person playing golf. [Ex. D, Nosewicz III, 470:13-471:12; 473:2-9]. He then discussed a medical record that stated he was being treated for a rib fracture caused by hitting a golf shot poorly [Ex. E, Depo. Ex. 20; Nosewicz III, 471:21-472:16]. He also concluded that he "had both a history of low back pain and prior fractures of the rib before [the] incident at the jail" for which he was taking Percocet. [Nosewicz III, 473:14-17; 474:5-475:16; Ex. F, Depo. Ex. 21]. Overall, Plaintiff admitted that he had a history of rib injuries caused by falls and golf. [Nosewicz III, 492:4-12].

Once again, Plaintiff's affidavit does nothing more than show Plaintiff's lack of credibility and clear attempt to create a sham issue that this Court should strike.

### ii. *The only proper remedy is to strike the entire affidavit*

The vast majority of Plaintiff's affidavit, as shown above, is not consistent with his deposition testimony. The Court should lend great weight to the fact that, at Plaintiff's request, Plaintiff was deposed over three days, in total spanning over a month between the first and third depositions. At no point did Plaintiff move to clarify his previous testimony, nor did he protest that his prior recollections were inaccurate or incomplete. It was only upon the submission of Janosko's Motion for Summary Judgment that Plaintiff's recollection suddenly improved and/or changed, leading to statements that are 180 degrees opposite of the testimony from his collective depositions. The Tenth Circuit has held that district courts may strike sham affidavits in their entirety where "[i]t is not feasible to exclude only parts of the affidavit because .... the portions of the affidavit consistent with the deposition are too enmeshed with unsupported assertions to allow the court to reasonably parse through and redact only the groundless portions." ***Juarez v. Utah***, 263 Fed. App'x 726, 734 (10th Cir. 2008) (internal citations and quotations omitted). Janosko would argue that the same rationale applies to Plaintiff's affidavit, in that so many of the allegations (indeed the vast majority of the allegations and any that could be considered material) are disputed by prior deposition testimony. The Court should lend no weight to the affidavit and strike it in its entirety.

### B. CHIU'S AFFIDAVIT SHOULD BE STRUCK BECAUSE IT IS OF NO ASSISTANCE TO THE COURT AND INCLUDES OPINIONS THAT WERE NOT PREVIOUSLY DISCLOSED.

Plaintiff also submits an affidavit of Dr. Chiu in what appears to be an attempt to try to contradict evidence properly and timely disclosed from Karen Sturgeon.  However, as Dr. Chiu's statements are merely conclusory and were not previously disclosed, they should be struck by the Court.

As the Court is aware and as discussed in Janosko's prior Motion to Strike related to Plaintiff's Experts, Federal Rule of Civil Procedure 26 requires Plaintiff to disclose "a complete statement of all opinions the [expert] witness will express and the basis and reasons for them." Fed.R.Civ.P. 26(a)(2)(B)(i).  When an affidavit goes beyond what had been disclosed, the Court may properly disregard it at the summary judgment phase.  ***Cunningham v. Adams***, 106 Fed. App'x 693, 698-99 (10th Cir. 2004) (unpublished).  Similarly, an opinion that has not previously been disclosed will not be permitted to be used at trial unless the failure to disclose was substantially justified or harmless.  F.R.C.P. Rule 37(c)(1); ***Jacobsen v. Desert Book Co.***, 287 F.3d 936, 952 (10th Cir. 2002).  The non-moving party, here the Plaintiff, has the burden to show that the non-disclosure was justified or harmless.  ***Poitra v. Sch. Dist. No. 1 in the Cnty. of Denver***, 311 F.R.D. 659, 668 (D. Colo. 2015).

The Tenth Circuit has also found that "the testimony of an expert can be rejected on summary judgment if it is conclusory and thus fails to raise a genuine issue of material fact." ***Matthiesen v. Banc One Mortg. Corp.***, 173 F.3d 1242, 1247 (10th Cir. 1999).  Finally, it has been noted that "because opinion testimony always is subject to evaluation by the fact finder, it generally has been held not an appropriate basis for summary judgment."  ***Van Leeuwan v.***

*Nuzzi*, 810 F. Supp. 1120, 1122 (D. Colo. 1993) (quoting 10A Charles A. Wright, *et al.*, *Federal Practice and Procedure* § 2738 at 503 (1983)).

Here, the Court is faced with an affidavit that is both conclusory and contains assertions which were not previously disclosed or identified. For example, in paragraphs 4-7, Dr. Chiu presents opinions entirely in response to the affidavit of Karen Duffy Sturgeon, which was initially disclosed in early February 2017, well before the discovery cut off and before rebuttal experts were due. [ECF 44-6, ¶¶ 4-7]. Dr. Chiu's opinions, however, do not appear in Dr. Chiu's original report, or in Plaintiff's expert disclosures. Dr. Chiu was disclosed only to opine on the necessity of the medical treatment received at the hospital and the associated medical bills. Therefore, the opinions now alleged have not been properly disclosed, and should be disregarded. Plaintiff again has no excuse as to why Dr. Chiu's opinions were not previously disclosed, which would have entitled Janosko to rebut any properly supported opinions and/or issue rebuttal reports from medical experts of his own. By making a last-ditch effort to add new opinions in response to summary judgment, Plaintiff is flagrantly violating Rule 26 yet again and disregarding entirely the Scheduling Order and amended deadlines entered in this case. Given the prejudicial effect of the affidavit, the Court should strike her late and untimely opinions.

Furthermore, the opinions that Dr. Chiu makes throughout her affidavit simply state that an injury is "consistent" with Plaintiff's allegations, but do not provide the basis for those opinions, nor are those conclusions supported by her previous opinions or analysis from her expert disclosure. Dr. Chiu's opinions are also based in part on the inaccuracies contained in Plaintiff's sham affidavit, which only further compounds the erroneous conclusions set forth in her affidavit. [*See* ECF 44-6, p. 3, ¶ 3 ("the foregoing findings were consistent with the reported trauma of a physical assault per the patient's account.")]. Therefore, as Dr. Chiu cannot point to

specific actions alleged by Plaintiff that resulted in Plaintiff's injuries, her statements are merely conclusory. For that reason, the affidavit should also be struck.

### C. BECAUSE NEITHER THE AFFIDAVITS FROM MR. WOLF NOR THE VIDEO HE DISCUSSES WERE PREVIOUSLY DISCLOSED, THE EVIDENCE AND AFFIDAVITS SHOULD BE STRUCK.

Finally, Plaintiff also submitted two affidavits from Tavi Wolf regarding videos submitted in summary judgment briefing. On a preliminary note, neither Mr. Wolf nor his affidavits or video were ever disclosed by Plaintiff as required by Rule 26 – yet another in a line of multiple intentional Rule 26 violations committed by Plaintiff.[2] In the second affidavit— included in Plaintiff's Partial Motion for Summary Judgment—Mr. Wolf's affidavit states that he was provided Defendant's enhanced video and the Affidavit of Joshua Berman. [ECF 42-3].[3] In this affidavit, Mr. Wolf then provides a number of opinions on Mr. Berman's work, the clarity of the video, and the alleged contents of the video. [*Id*.]. Mr. Wolf has not previously been identified as an expert nor submitted a required report, yet Plaintiff is using him as though he was an expert, especially since the relevant opinions about video editing and manipulation are clearly within the realm of expert testimony. ***See, e.g., James River Ins. Co. v. Rapid Funding, LLC***, 658 F.3d 1207, 1214 (10th Cir. 2011) ("Rule 701 'does not permit a lay witness to express an opinion as to matter which are beyond the realm of common experience and which require the special skill and knowledge of an expert witness.'").

---

[2] Defendant also used an enhanced video in their Motion, but that video, as well as the identity of the person enhancing it, and that person's affidavit were all disclosed to Plaintiff before the close of discovery via Defendant's Ninth Supplemental Disclosures.

[3] Given the topics of these affidavits, it seems that this second affidavit should have been included with Plaintiff's Response to Defendant's Motion for Summary Judgment, and vice versa. Regardless, both affidavits should be struck no matter to which pleading they were attached.

Like the additional opinions of Dr. Chiu, Plaintiff was required to disclose the identity of Mr. Wolf before the close of discovery, as well as produce a copy of the video for review by Defendant. Plaintiff did neither, and instead only attached the affidavit and served the video with his summary judgment briefing, a failure compounded by his attempt to introduce expert testimony by Mr. Wolf. Given this violation of the Rules, Plaintiff is prohibited from including the affidavit and evidence in the briefing unless he can show that such failure was harmless or substantially justified. It was neither. Therefore, as neither Mr. Wolf nor the video were previously disclosed, and Mr. Wolf tries to allege improper undisclosed expert opinions, both his affidavits and the referenced video should both be struck from Plaintiff's motions.

## CONCLUSION

Overall, as Plaintiff's affidavit creates sham issues of material fact, it should be struck by the Court, and not considered in Plaintiff's summary judgment pleadings. Similarly, as Dr. Chiu's affidavit only includes conclusory statements, and opinions not previously disclosed (and well beyond her expert disclosure), the Court should likewise strike her affidavit from Plaintiff's pleadings. Finally, as Mr. Wolf and the video he enhanced were not previously disclosed in discovery and one of the affidavits contains impermissible expert opinion testimony, both the video and Mr. Wolf's affidavits should be struck.

Janosko would note finally that Plaintiff has engaged in a pattern and practice of flouting the Scheduling Order in this case and disregarding the rules and timelines set forth in the Federal Rules of Civil Procedure. [Note ECF 36 regarding Janosko's Motion to Strike Plaintiff's Non-Retained Expert Disclosure]. It cannot be said that each of these violations amounts to a harmless oversight or random failure to disclose information. Plaintiff is presenting an ever-shifting stance in response to Janosko's motions, each time presenting new evidence to create sham issues to

rebut the dispute of the day. Plaintiff should not be allowed to engage in such conduct, which causes substantial prejudice to Janosko and his entitlement to a fair consideration of his Motion for Summary Judgment and qualified immunity defense.

Respectfully submitted this 3rd  day of May, 2017

                                    *./s/ Marni Nathan Kloster*
                                    Marni Nathan Kloster
                                    Nicholas C. Poppe
                                    NATHAN DUMM & MAYER P.C.
                                    7900 E. Union Avenue, Suite 600
                                    Denver, CO  80237-2776
                                    Phone Number: (303) 691-3737
                                    Fax: (303) 757-5106
                                    mkloster@ndm-law.com
                                    npoppe@ndm-law.com
                                    Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of May, 2017, I electronically filed the foregoing **MOTION TO STRIKE AFFIDAVITS OF PLAINTIFF [ECF 44-1 & 42-1], STEPHANIE CHIU [ECF 44-6 & 42-2], AND TAVI WOLF [ECF 44-2 & 42-3]** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following at their e-mail addresses:.

Brice A. Tondre, Esq.
215 South Wadsworth Blvd., #500
Lakewood, Colorado 80226
briceatondrepc@msn.com

John L. Springer
15394 E. Monmouth Place
Aurora, CO 80015
jlspringer01@aol.com

                                      *s/ Lauren Pembo*
                                      Lauren Pembo, Paralegal