IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00447-PAB-KLM

EDWARD JOHN NOSEWICZ,

    Plaintiff,

v.

JEFFREY JANOSKO,

    Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Motion to Strike Plaintiff's Non-Retained Expert Disclosures** [#36][1] (the "Motion"). Plaintiff filed a Response [#38] in opposition to the Motion and Defendant filed a Reply [#41]. Pursuant to 28 U.S.C. § 636(b)(1) and D.C.COLO.LCivR 72.1(c), the Motion has been referred to the undersigned for disposition. *See* [#37]. For the reasons set forth below, the Motion [#36] is **GRANTED in part** and **DENIED without prejudice in part**.

Plaintiff initiated this 42 U.S.C. § 1983 lawsuit on February 24, 2016, asserting a Fourth Amendment claim for use of excessive force and a Fourteenth Amendment claim for deliberate medical indifference stemming from a December 6, 2014 physical altercation with Defendant that occurred while Plaintiff was housed in the Adams County, Colorado

---

[1] "[#36]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

detention facility.  *See Compl.* [#1]; *Am. Compl.* [#10].  On March 5, 2018, the Chief Judge entered summary judgment in favor of Defendant on both of Plaintiff's claims.  *Order* [#74].  The Court's Order [#74] effectively closed this case, rending the present Motion [#36] moot at the time.  On April 8, 2018, Plaintiff appealed the Court's summary judgment ruling to the Tenth Circuit Court of Appeals.  *Notice of Appeal* [#79].  On October 30, 2018, the Tenth Circuit issued its Order and Judgment [#86], which affirmed summary judgment in favor of Defendant on Plaintiff's deliberate indifference claim but reversed summary judgment as to Plaintiff's excessive force claim, remanding the case for further proceedings.  [#86] at 19.  The Tenth Circuit's Mandate [#88] was issued on December 4, 2018.  Pursuant to the Court's December 13, 2018 Minute Order [#89], Defendant requested a ruling on the instant Motion [#36].  *See Def.'s Status Report* [#90] at 1.  Accordingly, the Court reinstated the Motion [#36] on February 5, 2019.  *Minute Order* [#93].  This matter is currently set for a five-day jury trial beginning on October 7, 2019.  *Minute Order* [#96].

The factual background relevant to the Motion [#36] is as follows.  On June 23, 2016, the Court entered a Scheduling Order governing this case. *See generally Sched. Order* [#23].  Among other things, the Scheduling Order limited the number of expert witnesses to three experts per side.  *Id.* at § 9(d)(2) ("The parties propose that the number of expert witnesses be limited to 3 per side.").  The Scheduling Order also set deadlines for the disclosure of expert witnesses and related disclosures required pursuant to Rule 26.[2]  *Id.* at § 9(d)(3)-(4). The deadline for disclosing affirmative experts was subsequently extended to January 20, 2017, pursuant to a request by the parties.  *See Minute Order*

---

[2] Unless otherwise noted, "Rule 26" and all similar citations refer to the Federal Rules of Civil Procedure.

[#33].

On the January 20, 2017 deadline, Defendant was served with Plaintiff's Expert Witness Disclosures [#36-2] (the "Expert Disclosures"). Plaintiff's Expert Disclosures list the following four treating physicians as non-retained expert witnesses pursuant to Rule 26(a)(2)(C): (1) Dr. Mark Engelstad ("Engelstad"); (2) Dr. Arif Rohilla ("Rohilla"); (3) Dr. Martin Yussman ("Yussman"); and (4) Roy Theriot, D.D.S. ("Theriot"). *Expert Disclosures* [#36-2] at 1-6. Additionally, Plaintiff discloses Dan Montgomery ("Montgomery") and Dr. Stephanie Chiu ("Chiu") as specially retained expert witnesses pursuant to Rule 26(a)(2)(B).[3] *Id.* at 8-9. Thus, Plaintiff disclosed six experts in total.

On March 3, 2017, Defendant filed the present Motion [#36]. In the Motion, Defendant generally seeks to strike all four of Plaintiff's non-retained expert disclosures and to preclude these experts from testifying at trial. [#36] at 15. Defendant first argues that Plaintiff's non-retained experts should be precluded from testifying pursuant to Rule 37(c) because each disclosure fails to comply with Rule 26(a)(2)(C) and because Plaintiff's non-retained experts should have been designated as retained experts, requiring a written report pursuant to Rule 26(a)(2)(B). *Id.* at 3-12. Separately, Defendant argues that at least three of Plaintiff's experts should be stricken pursuant to Rule 16(f) because Plaintiff has disclosed six experts in total which doubles the limit set forth in the Scheduling Order. *Id.* at 12.

In his Response [#38], Plaintiff concedes in part by agreeing to withdraw Dr.

---

[3] Defendant raises no objection to Mr. Montgomery or Dr. Chiu in the present Motion [#36]. Accordingly, the Court does not address Plaintiff's disclosure of Mr. Montgomery or Dr. Chiu in this Order.

Yussman's disclosure completely and to strike Dr. Theriot's disclosure to the extent that it contains opinions as to the cause of Plaintiff's dental injury. [#38] at 12-13. In light of Plaintiff's concession to withdraw Dr. Yussman's disclosure in its entirety, the Court **grants** the Motion [#36] to the extent that Defendant seeks to strike this disclosure and preclude Dr. Yussman from testifying at trial as an expert witness.

With respect to Dr. Engelstad and Dr. Rohilla, Plaintiff contends that their disclosures fully comply with Rule 26(a)(2)(C), that their opinions are within the proper scope of non-retained experts, and that therefore, these experts should not be precluded from testifying. [#38] at 5-12.

Plaintiff's Response, however, fails to even acknowledge Defendant's Rule 16(f) argument: that Plaintiff is in violation of the Scheduling Order for exceeding his limit of expert witnesses. *See generally id.* Even with Plaintiff's concession to withdraw Dr. Yussman, Plaintiff appears to assume that he can name Dr. Theriot, Dr. Engelstad, and Dr. Rohilla as expert witnesses in addition to Mr. Montgomery and Dr. Chiu, without seeking to amend the Scheduling Order to increase the number of experts permitted. The Court notes that, pursuant to the Final Pretrial Order [#59] and Plaintiff's Supplement [#63] thereto, Plaintiff appears to have subsequently removed Dr. Theriot's designation as an expert witness but continues to name Mr. Montgomery, Dr. Chiu, Dr. Engelstad, and Dr. Rohilla as expert witnesses who may be present at trial. *Pl.'s Supplement to Final Pretrial Order* [#63] at 5-6. Thus, Plaintiff continues to exceed his limit on expert witnesses.

While left unaddressed in Plaintiff's Response [#38], Defendant states in the Motion [#36] that counsel for the parties have conferred on this issue. *Motion* [#36] at 12. Defendant attaches a conferral letter, dated February 27, 2017, from Plaintiff's counsel in

which counsel merely states: "The Scheduling Order does not limit the number of experts to 3 per side. That was merely a proposal." *Conferral Letters* [#36-1] at 5.

As numerous courts have noted, a "[s]cheduling [o]rder is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Washington v. Arapahoe Cty. Dep't of Soc. Servs.*, 197 F.R.D. 439, 441 (D. Colo. 2000) (citations omitted). While the Scheduling Order in this case states that "[t]he parties propose that the number of expert witnesses be limited to 3 per side[,]" this is the language that was provided by the parties in their Proposed Scheduling Order [#21]. *Compare Sched. Order* [#23] at § 9(d)(2) *with Proposed Sched. Order* [#21] at § 9(d)(2). The parties jointly proposed to the Court that they be limited to disclosing three expert witness per side, which the undersigned adopted and made binding when the Scheduling Order was issued as an order of the Court.

The scheduling order plays an important role in the management of a case and should not be unnecessarily amended. *Washington*, 197 F.R.D. at 441 (noting that a "scheduling order is an important tool necessary for the orderly preparation of a case for trial"); *see Rent-a-Center, Inc. v. 47 Mamaroneck Ave. Corp.*, 215 F.R.D. 100, 101 (S.D.N.Y. 2003) ("scheduling orders are designed to offer a degree of certainty in pretrial proceedings, ensuring that at some point both the parties and the pleadings will be fixed and the case will proceed"). Accordingly, a scheduling order "may be modified *only for good cause and with the judge's consent*." Fed. R. Civ. P. 16(b) (emphasis added). "The good cause standard 'primarily considers the diligence of the party seeking the amendment.'" *Anderson v. Seven Falls Co.*, No. 12-cv-01490-RM-CBS, 2013 WL

3771300, at *7 (D. Colo. July 18, 2013) (quoting *Dag Enterprises, Inc. v. Exxon Mobil Corp.*, 226 F.R.D. 95, 105 (D.D.C. 2005)).

Here, Plaintiff has not even attempted to show good cause for amending the Scheduling Order to increase the limit on expert witnesses. Therefore, Defendant's request to strike Plaintiff's disclosed experts pursuant to Rule 16(f) is appropriate. Rule 16(f) provides: "On motion or on its own, the court may issue any just orders . . . if a party or its attorney . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f). As the Tenth Circuit Court of Appeals has explained, "there can be no doubt that [Rule 16(f)] indicates the intent to give courts very broad discretion to use sanctions where necessary to insure not only that lawyers and parties refrain from contumacious behavior, already punishable under the various other rules and statutes, but that they fulfill their high duty to insure the expeditious and sound management of the preparation of cases for trial." *Mulvaney v. Rivair Flying Serv., Inc.*, 744 F.2d 1438 at 1440 (10th Cir. 1984) (en banc). "The primary purpose of sanctions in this context is to insure reasonable management requirements for case preparation. The secondary purpose is to compensate opposing parties for inconvenience and expense incurred because of any noncompliance with the reasonable management orders of the court." *Id.* at 1441.

The Court agrees with Defendant that there is no reasonable basis for allowing Plaintiff to unilaterally increase the number of experts after the fact "[g]iven that [Plaintiff's] own treating doctors should have been readily known to him and his attorneys at the time of initial disclosures and the preparation of the Scheduling Order." *Motion* [#36] at 12. Moreover, it is clear that Defendant has been inconvenienced, if not prejudiced, by the fact

that Plaintiff has proceeded in this case as if the terms of the Scheduling Order do not apply to him.

Accordingly, the Court **grants** the Motion [#36] to the extent that Defendant seeks to strike the number of Plaintiff's experts necessary to enforce the Scheduling Order's expert limitation. However, given the fact that Plaintiff now appears to name only four expert witnesses pursuant to the Final Pretrial Order [#59] and Plaintiff's Supplement [#63] thereto, the Court will provide Plaintiff the opportunity to choose between Dr. Engelstad or Dr. Rohilla as Plaintiff's third and final expert. In reaching this determination, the Court is mindful of the procedural posture of this case, the fact that over two years have elapsed since the instant Motion [#36] was filed, and the fact that Plaintiff is proceeding to trial with one claim remaining.

Finally, in light of the above determination, the Court declines to address the merits of Defendant's arguments pursuant to Rule 37(c) until after Plaintiff has notified Defendant whether Dr. Engelstad or Dr. Rohilla will serve as Plaintiff's third and final expert. Once Plaintiff has disclosed to Defendant which of these two experts Plaintiff intends to use at trial, Defendant may file a renewed motion to strike that expert's disclosure pursuant to Rule 37(c) if such objections remain.

Based on the foregoing,

IT IS HEREBY **ORDERED** that the Motion [#36] is **GRANTED in part** and **DENIED without prejudice in part**. The Motion is **granted** to the extent that Defendant seeks to strike the disclosure of Dr. Yussman, preclude this witness from testifying as an expert at trial, and enforce the Scheduling Order's limit of three experts per side. The Motion is

**denied without prejudice** to the extent that Defendant seeks to strike the disclosures of Dr. Engelstad, Dr. Rohilla, and Dr. Theriot and preclude these witnesses from testifying at trial pursuant to Rule 37(c).

IT IS FURTHER **ORDERED** that, **on or before April 11, 2019**, Plaintiff shall serve Defendant with a Rule 26(e) supplement to the Expert Disclosures identifying whether Plaintiff intends to name Dr. Engelstad or Dr. Rohilla as his third and final expert witness. If Defendant has an objection to Plaintiff's disclosure, he may file a renewed motion to strike that expert pursuant to Rule 37(c) **no later than fourteen days** after Defendant is served with Plaintiff's Rule 26(e) supplement.

**Plaintiff is advised that, if he fails to submit his Rule 26(e) supplement identifying his third and final expert witness on or before April 11, 2019, the Court will invite Defendant to file a motion seeking to preclude Dr. Engelstad and Dr. Rohilla from testifying.**

Dated: March 27, 2019

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge