IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 16-cv-00447-PAB-KLM

EDWARD JOHN NOSEWICZ,

    Plaintiff,

v.

JEFFREY JANOSKO,

    Defendant.

_____

**ORDER**
_____

This matter is before the Court on Plaintiff's Motion for a New Trial Pursuant to Fed. R. Civ. P. 59(a)(1)(A) [Docket No. 159], Plaintiff's Amended Motion for a New Trial Pursuant to Fed. R. Civ. P. 59(a)(1)(A) [Docket No. 160], and Defendant's Rule 11 Motion [Docket No. 166]. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## I. BACKGROUND

This case arises out of an altercation between plaintiff Edward Nosewicz and defendant Jeffrey Janosko in the Adams County Detention Facility on the morning of December 6, 2014. Docket No. 74 at 3.[1] Nosewicz had been arrested the night before and was held in the intake pod; Janosko was a deputy sheriff assigned to the detention facility. *Id.* at 1-2. That morning, because of Nosewicz's irate behavior, Janosko

---

[1] Facts in this paragraph are drawn from the undisputed facts in the Court's order on summary judgment. Docket No. 74. Further background can be found in the Tenth Circuit's order on Nosewicz's appeal. *See Nosewicz v. Janosko*, 754 F. App'x 725 (10th Cir. 2018) (unpublished).

entered Nosewicz's cell to move him to a different location. *Id*. at 3.  A physical altercation ensued, in which Janosko forced Nosewicz to the cell floor. *Id*.  Nosewicz suffered injuries as a result. *Id*.

Nosewicz filed this suit on February 24, 2016, bringing claims against Janosko for excessive force and deliberate indifference to medical needs pursuant to 42 U.S.C. § 1983.  Docket No. 1.  In the course of discovery, Janosko produced his incident report from the altercation with Nosewicz.  Docket No. 39-10.  The incident report says nothing about Nosewicz either (1) balling up his fists or (2) taking a step towards him before Janosko forced Nosewicz to the cell floor. *Id*. at 1.  Instead, the incident report states that Nosewicz "began to pull his arm away" and "attempted to turn and face [Janosko]" before Janosko forced Nosewicz to the cell floor. *Id*.  Later, Nosewicz deposed Robert Hannah, who was the sergeant on duty at the detention facility on the morning of December 6, 2014.  Docket No. 161-1 (excerpts).  In his deposition, Hannah testified that Janosko told him that Nosewicz "started geting agitated, raised [his] voice, started yelling, balled his fists up[,] and just took a step toward" Janosko. *Id*. at 5.  Nosewicz also deposed Janosko, who testified consistently with the incident report and said nothing about Nosewicz balling up his fists.  Docket No. 161-2 at 6.  Nosewicz's expert witness, Dan Montgomery, produced a report highlighting the "disconnect" between Hannah's and Janosko's testimony.  Docket No. 112-1 at 13, ¶ 7.

The Court granted summary judgment to Janosko on both claims on the basis of qualified immunity.  Docket No. 74.  The Tenth Circuit reversed as to the excessive force claim, concluding that there was a disputed fact as to whether Nosewicz "actively

2

resist[ed]" Janosko's use of force. *See Nosewicz v. Janosko*, 754 F. App'x 725, 734-35 (10th Cir. 2018) (unpublished).

The case proceeded to trial on October 7, 2019. Janosko testified on the second and third day of trial. *See* Docket No. 160-1. On the second day, Janosko testified that Nosewicz was angry, aggressive, and demanding throughout their interaction. Docket No. 160-1 at 5-6. Janosko further testified that he ordered Nosewicz to exit his cell, a command which Nosewicz refused. *Id*. at 13-14. Janosko stated that, as he was attempting to move Nosewicz out of his cell, Nosewicz began to pull his arm away and turned towards him. *Id*. at 15. As a result, Janosko decided to use an arm-bar takedown to bring Nosewicz to the ground. *Id*. at 41-42. Janosko testified that his recollection was that Nosewicz did not "ball up his fists" and take a step towards him before Janosko took Nosewicz to the ground. *Id*. at 21. Janosko also testified that he did not tell Hannah that Nosewicz had "balled up his fists" and taken a step towards Janosko. *Id*. at 20. Later that day, Hannah testified that Janosko told him that, leading up to the altercation, Nosewicz became agitated, raised his voice, started yelling and screaming, balled his fists up, and took a step towards Janosko. Docket No. 160-2 at 4-5. The next day, Nosewicz's counsel cross-examined Janosko about the discrepancy between his testimony and Hannah's. Docket No. 161-3 at 4. The jury unanimously found in favor of Janosko on the excessive force claim. Docket No. 155.

On November 7, 2019, Nosewicz moved for a new trial. Docket No. 159. Eleven days later, he amended his motion. Docket No. 160. On December 13, 2019, Janosko

moved for sanctions pursuant to Fed. R. Civ. P. 11.  Docket No. 166.  Nosewicz did not file a response to the motion for sanctions.

## II. MOTION FOR NEW TRIAL

Before reaching the merits of Nosewicz's motions for a new trial, the Court must determine whether the initial motion or the amended motion is the operative motion. Rule 59(b) of the Federal Rules of Civil Procedure provides that a motion for a new trial "must be filed no later than 28 days after the entry of judgment."  Judgment entered on October 10, 2019.  Docket No. 157.  Nosewicz's motion for a new trial, filed on November 7, 2019, was timely – but his amended motion, filed on November 18, 2019, was not.  Docket Nos. 159, 160.  Janosko argues that, as a result, the amended motion should be struck.  Docket No. 161 at 1-2.  Nosewicz, for his part, contends that Fed. R. Civ. P. 15 allows him to amend his motion for a new trial as a matter of course and that the amended pleading "relates back" to date of the original motion.  Docket No. 162 at 1-2.  The Court disagrees.  Rule 15 refers to the amendment of "pleadings," and a motion for a new trial is not a pleading.  *Compare* Fed. R. Civ. P. 7(a) (listing the seven types of "pleadings" that are allowed) *with* 7(b) ("A request for a court order must be made by *motion*." (emphasis added)); *see, e.g.*, *Trujillo v. Bd. of Educ. of Albuquerque Pub. Sch.*, 230 F.R.D. 657, 660 (D.N.M. 2005) ("Motions . . . are not pleadings."); 6 Arthur R. Miller et al., *Fed. Prac. & Proc.* § 1475 (3d ed. Apr. 2020 update) (same). Nosewicz offers no authority that convinces the Court otherwise.[2]

---

[2] The Court is not persuaded that, as Nosewicz argues, the Tenth Circuit collapsed any distinction between motions and pleadings through an isolated reference to an appellant who was "responsible for numerous ancillary motions and other

4

However, it is within the Court's discretion to grant a motion to amend a motion, and "there is no reason to deny the amendment when the [Court] believes it would be in the interests of justice to permit it." 5 *Fed. Prac. & Proc.* § 1194. Here, the amended motion was filed before Janosko filed a response and there is no indication that he is prejudiced by the filing of the amended motion. While Fed. R. Civ. P. 6(b) prohibits the Court from extending the time to file a motion under Rule 59(b), the Court construes Rule 6(b) as "only limiting the court's discretion to extend time to make the original motion itself, rather than the amendment of a timely motion." *See id.*; *cf. Carbajal v. Lucio*, No. 10-cv-02862-PAB-KLM, 2019 WL 141864, at *1 (D. Colo. Jan. 9, 2019) (permitting plaintiff to "supplement" his motion for a new trial more than 28 days after entry of judgment). Because Nosewicz is attempting to amend a timely Rule 59 motion, Rule 6(b) does not limit the Court from permitting his amendment. Thus, the Court will construe Docket No. 160-4 as a motion to amend the motion for a new trial, grant it, and accept Docket No. 160 as the operative motion.

Following a jury trial, a "court may, on motion, grant a new trial on all or some of the issues—and to any party" for "any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). A motion for a new trial may be granted on any error, so long as "the district court concludes the 'claimed error substantially and adversely' affected the party's rights." *Henning v. Union Pac. R.R. Co.*, 530 F.3d 1206, 1217 (10th Cir. 2008) (quoting *Sanjuan v. IBP, Inc.*, 160 F.3d 1291, 1297 (10th Cir. 1998)).

---

pleadings." *See Niemi v. Lasshofer*, 770 F.3d 1331, 1343 (10th Cir. 2014).

### A. False Testimony

Nosewicz moves for a new trial based on the discrepancy between Janosko's testimony and that of the supervising sergeant, Hannah, as to what Janosko told Hannah, after the incident, about Nosewicz's actions leading up to Janosko's use of force. Hannah testified Janosko told him that, leading up to the altercation, Nosewicz became agitated, raised his voice, started yelling and screaming, balled his fists up, and took a step towards Janosko. Docket No. 160-2 at 4-5. However, Janosko denied telling this version of events to Hannah, and testified that Nosewicz did not "ball up his fists" or take a step towards him. Docket No. 160-1 at 21-22. Nosewicz contends that at least some of this testimony was "false and/or perjured" and seeks a new trial on that basis. Docket No. 160 at 2.

"If a verdict is based on false testimony, the [Court] has the discretion under Rule 59 to grant the injured party a new trial." *Antevski v. Volkswagenwerk Aktiengesellschaft*, 4 F.3d 537, 540 (7th Cir. 1993). A new trial should be granted where (1) "the court is reasonably well satisfied that the testimony given by a material witness is false;" (2) without the false testimony, the jury probably would have reached a different conclusion; and (3) "the party seeking the new trial was taken by surprise when the false testimony was given and was unable to meet it or did not know of its falsity until after trial." *Xiong v. Knight Transp., Inc.*, 77 F. Supp. 3d 1016, 1023-24 (D. Colo. 2014).[3]

---

[3] As to the second prong, other circuits have adopted an approach requiring only a finding that the jury "might have" reached a different conclusion without the false testimony. *See, e.g., Davis by Davis v. Jellico Cmty. Hosp. Inc.*, 912 F.2d 129, 134 (6th

Nosewicz's motion fails on all three prongs.  First, the Court is not reasonably well satisfied that either Janosko's or Hannah's statements were "willfully made with the intent to provide false testimony," as opposed to being "merely the result of confusion or mistake."  *Brown v. Eppler*, 794 F. Supp. 2d. 1238, 1243 (N.D. Okla. 2011); *see United States v. Massey*, 48 F.3d 1560, 1573 (10th Cir. 1995) ("The elements of perjury are that a witness: (1) when testifying under oath, gives false testimony; (2) concerning a material matter; (3) with willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory.").  Inconsistent testimony of two witnesses is not, without more, evidence of perjury or false testimony.  *See Tapia v. Tansy*, 926 F.2d 1554, 1563 (10th Cir. 1991).  Nosewicz does not offer any additional evidence explaining why the contradictory testimony is proof of deliberately false testimony by Janosko or Hannah.  This is notable because Nosewicz's counsel had the opportunity to examine both witnesses about the inconsistencies in their statements during the trial.  *See Guara v. City of Trinidad*, No. 10-cv-02529-WJM-KMT, 2013 WL 627139, at *2 (D. Colo. Feb. 20, 2013) ("A new trial is not justified simply because [p]laintiff now wishes that his counsel would have been more zealous during cross-examination."); *see also* Docket No. 161-3 at 4 (cross-examination of Janosko on the inconsistency with Hannah's testimony).  Courts regularly deny motions for a new trial based on alleged

---

Cir. 1990).  However, the Tenth Circuit has declined to adopt that approach in criminal cases, instead following the "stricter probability standard" in cases dealing with post-trial discovery of perjury.  *See United States v. Sinclair*, 109 F.3d 1527, 1532 (10th Cir. 1997).  The Court agrees with *Xiong* that the stricter probability standard is appropriate in civil cases where a party moves for a new trial based upon false testimony.  *See* 77 F. Supp. 3d at 1023-24.

false testimony where the jury had "ample opportunity to hear the testimony of the witnesses, be apprised of the alleged inconsistencies in their testimony, and judge the truth or falsity of the evidence offered." *See Franklin v. Thompson*, 981 F.2d 1168, 1171 (10th Cir. 1992); *Wolde-Giorgis v. Christiansen*, 438 F. Supp. 2d 1076, 1080 (D. Ariz. 2006) ("Each of the alleged incidents of lying . . . played out before the jury and thus the verdict reflects the jury's consideration of the witnesses' testimony and credibility."). Thus, the Court is not persuaded that either Janosko or Hannah offered false testimony – as opposed to a mistake, confusion, or error in memory in a trial conducted nearly five years after the events in question occurred.

Second, even assuming that false testimony was given, the Court is not persuaded that the jury probably would have reached a different conclusion without the false testimony. If Janosko had not testified inconsistently, the jury would have heard from Hannah that Janosko told him that Nosewicz became agitated, raised his voice, started yelling and screaming, balled up his fists, and took a step towards Janosko. *See* Docket No. 160-2 at 4-5. This could have supported a finding that Janosko used "reasonably necessary" force in securing Nosewicz. *See* Docket No. 153 at 13 (jury instructions). The jury would have heard much the same thing from Janosko if Hannah's testimony was not inconsistent, save for Nosewicz balling up fists and taking a step toward Janosko. *See, e.g.*, Docket No. 160-1 at 41-42 (Janosko's testimony that, as he was walking Nosewicz toward the cell door, Nosewicz turned toward him and continued to yell at him). Moreover, the inconsistent testimony offered Nosewicz

an opportunity to impeach Janosko and damage his credibility as a witness.[4]  Thus, the Court is not persuaded that removing either of the claimed false statements probably would have caused the jury to reach a different conclusion.

Third, Nosewicz fails to show that he was taken by surprise when the allegedly false testimony was given.  Hannah and Janosko's testimony at trial was consistent with Janosko's incident report and their deposition testimony, taken in September 2016.  *See* Docket No. 39-10; 161-1; 161-2.  Hannah mentioned balled fists and a step towards Janosko in his deposition.  Docket No. 161-1 at 5.  Janosko did not.  Docket No. 39-10 at 1; 161-2 at 6-7.  This contradiction was well known to Nosewicz in advance of trial, evidenced by the report prepared by Nosewicz's expert.  *See* Docket No. 112-1 at 13, ¶ 7 (noting that Janosko never mentioned balling up fists in his reports or deposition and calling the disconnect with Hannah's testimony "disturbing").  Nosewicz could not have been surprised that, when asked about Hannah's statements or the "balled fists" testimony at trial, Janosko would testify consistently with everything already in the record.  In fact, Nosewicz's counsel *succeeded* in eliciting this inconsistency in his first examination of Janosko.  *See* Docket No. 160-1 at 20 ("Q: Did you tell [Hannah] that [Nosewicz] had balled up his fists and taken a step at you?  A:

---

[4] Nosewicz argues that the inconsistent testimony actually benefited Janosko by "avail[ing] himself" of Hannah's testimony. Docket No. 162 at 4.  This argument makes little sense.  From the (slightly) divergent testimony, the most reasonable inference that could be drawn by the jury is that Janosko exaggerated what happened when trying to justify the use of force to his supervisor.  There is no basis to believe this would *help* paint Janosko as truthful or that the jury would credit Hannah's after-the-fact description of Nosewicz's behavior over the testimony of the two eyewitnesses – Janosko and Nosewicz.

No, sir.") and 22 ("Q: And just to be clear, [Nosewicz] did not ball up his fists and take a step toward you? A: Not to my recollection, sir, no.").

Nosewicz claims that he was nevertheless surprised by this testimony. *See* Docket No. 160-3 (counsel's affidavit that he "was surprised that [Janosko] would perjure himself"). This position strains credulity. In his incident report, Janosko said nothing about balled fists. *See* Docket No. 39-10 at 1. In his deposition, Janosko said nothing about balled fists. *See* Docket No. 161-2 at 6-7. At trial, Janosko said nothing about balled fists, and denied saying anything to Hannah about balled fists. *See* Docket No. 160-1 at 21-22. Yet Nosewicz is convinced that Janosko committed perjury at trial because Janosko testified that he did not tell Hannah about balled fists – in other words, he told Hannah the same thing he put in his incident report and said in his deposition. There is no evidence to support Nosewicz's allegation other than the discrepancy between Janosko's testimony and Hannah's testimony. *See Massey*, 48 F.3d at 1573 (perjury requires "willful intent to provide false testimony, rather than . . . confusion, mistake, or faulty memory"). Accordingly, the Court finds that a new trial is not warranted based on Janosko or Hannah's allegedly false testimony.

### B. Weight of the Evidence

Alternatively, Nosewicz contends that a new trial is warranted because the jury's verdict in favor of Janosko was against the weight of the evidence. Docket No. 160 at 10-15. "In deciding a new trial motion based on insufficiency of the evidence, a district court must analyze whether the verdict is clearly, decidedly or overwhelmingly against the weight of the evidence." *Elm Ridge Exploration Co., LLC v. Engle*, 721 F.3d 1199,

1216 (10th Cir. 2013) (internal quotation marks omitted). In making this determination, the Court must consider "the evidence in the light most favorable to the prevailing party, bearing in mind that the jury has the exclusive function of appraising credibility, determining the weight to be given to the testimony, drawing inferences from the facts established, resolving conflicts in the evidence, and reaching ultimate conclusions of fact." *Snyder v. City of Moab*, 354 F.3d 1179, 1188 (10th Cir. 2003).

To prevail, Nosewicz needed to prove that the amount of force used by Janosko was not "reasonably necessary." *See* Docket No. 153 at 13; *Nosewicz*, 754 F. App'x at 731 ("[T]he relevant inquiry is whether Janosko's actions were objectively reasonable."). Nosewicz contends that Janosko "lacked the requisite reasonable basis for the use of the force exercised." Docket No. 160 at 11. However, the Court finds that there was ample evidence to support a finding that Janosko's use of force was objectively reasonable. Janosko testified that Nosewicz was angry, aggressive, and demanding throughout their interaction. Docket No. 160-1 at 5-6. Janosko further testified that he ordered Nosewicz to exit his cell, a command which Nosewicz refused. *Id*. at 13-14. And Janosko testified that, as he was attempting to move Nosewicz out of his cell, Nosewicz began to pull his arm away and turned towards him. *Id*. at 15. As a result, Janosko decided to use an arm-bar takedown to bring Nosewicz to the ground. *Id*. at 41-42. Considering this evidence in the light most favorable to Janosko, it was not overwhelmingly against the weight of the evidence for the jury to conclude that the amount of force Janosko used was reasonably necessary. Although Nosewicz argues that Janosko must have had fear of an attack for his use of force to be reasonable, he

cites no case or jury instruction for that proposition. *See Graham v. Connor*, 490 U.S. 386, 396 (1989) (noting that the reasonableness test "is not capable of precise definition or mechanical application"); Docket No. 153 at 14 (jury instruction listing "[t]he threat reasonably perceived by the responsible officer" as one of five factors for the jury to consider). Because the verdict was not "clearly, decidedly or overwhelmingly against the weight of the evidence," a new trial is not warranted. *See Elm Ridge Exploration*, 721 F.3d at 1216.

### III. MOTION FOR SANCTIONS

In response to the motion for new trial, Janosko moves for sanctions pursuant to Fed. R. Civ. P. 11 against Nosewicz's counsel.[5] Janosko argues that there was no "objectively legitimate or truthful" basis for the claim of surprise made in Nosewicz's motion for new trial. Docket No. 166 at 5. Janosko requests that the Court order Nosewicz's counsel to pay Janosko's attorney's fees, costs, and expenses associated with the motion for new trial and this motion for sanctions. *Id*. at 5-6.[6] Nosewicz did not file a response to the motion.

Federal Rule of Civil Procedure 11 provides that:

---

[5] Although judgment has entered in this case, Fed. R. Civ. P. 11 sanctions may be awarded "after the principal suit has been terminated." *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 396 (1990).

[6] Janosko also requests that the Court "specifically find that neither [Janosko] nor [Hannah] engaged in perjury." Docket No. 166 at 6. Janosko does not explain why a Rule 11 motion is an appropriate vehicle for making such a factual determination. *See Tso v. Murray*, No. 16-cv-02480-WJM-STV, 2018 WL 684767, at *2 (D. Colo. Feb. 1, 2018) (noting that "a motion for Rule 11 sanctions is not the proper mechanism for resolving factual disputes").

> By presenting to the court a pleading, written motion, or other paper . . . an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; [and]
>
> (3) the factual contentions have evidentiary support . . . .

Fed. R. Civ. P. 11(b). Rule 11 therefore "imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well-grounded in fact, legally tenable, and not interposed for any improper purpose." *Grynberg v. Ivanhoe Energy, Inc.*, 663 F. Supp. 2d 1022, 1025 (D. Colo. 2009) (internal quotation omitted). Rule 11(c)(1) allows a court to "impose an appropriate sanction on any attorney, law firm, or party that violate[s] [Rule 11(b)] or is responsible for the violation," including "payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(1), (4). "In deciding whether to impose Rule 11 sanctions, a district must apply an objective standard; it must determine whether a reasonable and competent attorney would believe in the merit of an argument." *Dodd Ins. Servs., Inc. v. Royal Ins. Co. of Am.*, 935 F.2d 1152, 1155 (10th Cir. 1991). The Tenth Circuit has stated that, "[b]ecause our adversary system expects lawyers to zealously represent their clients, this standard is a tough one to satisfy." *Predator Int'l, Inc. v. Gamo Outdoor USA, Inc.*, 793 F.3d 1177, 1182 (10th Cir. 2015). Rule 11 does not "penalize[]

13

overstatement." *Crocs, Inc. v. Effervescent, Inc.*, 278 F. Supp. 3d 1182, 1187 (D. Colo. 2017).

The Court will deny the motion for sanctions. No doubt Nosewicz's counsel's claim of surprise strains credulity, as the Court acknowledged earlier in this order. And the Court is unimpressed by Nosewicz's unexplained failure to respond to the motion for sanctions. However, the failure of the motion for new trial is not enough to show that the motion violates Rule 11. *See, e.g.*, *Messina v. Fontana*, 260 F. Supp. 2d 173, 181 (D.D.C. 2003) ("Being on the losing side . . . does not mean that sanctions are appropriate."). Janosko argues that the motion violates Rule 11(b)(1) and (b)(3), *see* Docket No. 166 at 5, but fails to explain what "improper purpose" motivated the motion. *See* Fed. R. Civ. P. 11(b)(1). As for Rule 11(b)(3), it is not a false statement to say that, leading up to trial, Nosewicz's counsel did not know that Janosko would testify that he never told Hannah about "balled fists." *See* Docket No. 160-3 (counsel's declaration that he was surprised by Janosko contradicting Hannah's testimony). Indeed, because Nosewicz's counsel did not ask Janosko about this issue during discovery, there was no way of knowing what Janosko would testify he told Hannah. While this lack of affirmative knowledge by Nosewicz's counsel is not proof that Janosko committed "perjury" – an allegation that should not be made in a conclusory way, as made here – the Court is not persuaded that it was objectively unreasonable for Nosewicz's counsel to raise this contradiction as grounds for a new trial. *See Crocs, Inc.*, 278 F. Supp. 3d at 1187 (noting that Rule 11 does not "penalize[] overstatement"). The claim of surprise runs up to, but does not tip over, the cliff of sanctionable conduct.

Accordingly, Janosko's motion will be denied.[7]

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Plaintiff's Motion for a New Trial Pursuant to Fed. R. Civ. P. 59(a)(1)(A) [Docket No. 159] is **DENIED AS MOOT**. It is further

**ORDERED** that Plaintiff's Amended Motion for a New Trial Pursuant to Fed. R. Civ. P. 59(a)(1)(A) [Docket No. 160] is **DENIED**. It is further

**ORDERED** that Defendant's Rule 11 Motion [Docket No. 166] is **DENIED**.

DATED July 17, 2020.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

---

[7] Janosko fails to provide any documentation in support of his request for attorney's fees as a sanction, which further supports denying the motion. *See White v. General Motors Corp., Inc.*, 908 F.2d 675, 684 (10th Cir. 1990) (noting that a district court must "expressly consider" the reasonableness of any fee request); *Fuentes v. Kroenke Sports & Entm't, LLC*, No. 13-cv-02481-PAB-CBS, 2014 WL 4477946, at *5 (D. Colo. Sept. 11, 2014) (failure to provide information in support of a fee request supports denial of a Rule 11 motion).

15